Satbir SINGH, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 11–72185.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2013.*

Filed April 22, 2013.

Jaspreet Singh, Esquire, Law Office of
Jaspreet Singh, Jackson Heights, NY, for
Petitioner.

Jeffrey Ronald Meyer, Esquire, Oil,
Karen Y. Stewart, Esquire, U.S. Depart-
ment of Justice, Washington, DC, Chief
Counsel Ice, Office of the Chief Counsel,
Department of Homeland Security, San
Francisco, CA, for Respondent.

Before: CANBY, IKUTA, and
WATFORD, Circuit Judges.

## MEMORANDUM **

Satbir Singh, a native and citizen of
India, petitions for review of a Board of
Immigration Appeals' order dismissing his
appeal from an immigration judge's deci-
sion denying his application for asylum,
withholding of removal, and protection un-
der the Convention Against Torture
("CAT"). We have jurisdiction under 8
U.S.C. § 1252. We review for substantial
evidence, *Baballah v. Ashcroft*, 367 F.3d
1067, 1073 (9th Cir.2004), and we grant the
petition for review and remand.

The agency found that Singh was credi-
ble, demonstrated past persecution, and
had a rebuttable presumption of a well-
founded fear of future persecution. Sub-
stantial evidence does not support the
agency's finding that the government re-
butted his presumption by demonstrating
Singh could relocate internally because,
despite not being a high-level militant or
activist, the police have shown interest in
Singh as recently as 2007, and were able to
track him from Jalandhar to Mumbai. *See
Chand v. INS*, 222 F.3d 1066, 1079 (9th
Cir.2000) ("determination of whether or
not a particular applicant's fear is rebutted
. . . requires an individualized analysis that
focuses on the specific harm suffered and
the relationship to it of the particular in-
formation contained in the relevant coun-
try reports."); 8 C.F.R. § 1208.13(b)(3)
(requiring adjudicators to consider "all the
circumstances of the case"). Thus, Singh
is statutorily eligible for asylum.

Further, because he has a presumption
of withholding of removal based on his
past persecution, and the government has
not rebutted it, he is also entitled to with-
holding of removal. *See Baballah*, 367
F.3d at 1079.

Accordingly, we remand this case to the
agency for the Attorney General to exer-
cise his discretion as to whether to grant
Singh asylum, *see* 8 U.S.C. § 1158(b), and
to enter an order granting withholding of
removal.

In light of our conclusions, we do not
address Singh's CAT claim.

---

* The panel unanimously concludes this case is
  suitable for decision without oral argument.
  *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
   cation and is not precedent except as provid-
   ed by 9th Cir. R. 36–3.

PETITION FOR REVIEW GRANTED; REMANDED.